**NOT FOR PUBLICATION**                                             **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| | : |
| MARTIN GOOR, | : Hon. Faith S. Hochberg, U.S.D.J. |
| | : |
| Plaintiff, | : Civil Case No. 11-6227 (FSH) (PS) |
| | : |
| v. | : **OPINION & ORDER** |
| | : |
| MARK VIGNOLES, | : Date: April 9, 2012 |
| | : |
| Defendant. | : |
| | : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss this case for lack of personal jurisdiction or improper venue, or in the alternative to transfer this case to the Northern District of California.

### I. BACKGROUND

Plaintiff Martin Goor, a New Jersey citizen, brought this action to recover on an alleged loan made to Defendant Mark Vignoles, a California citizen, in the amount of $100,000. On December 4, 2006, Vignoles executed a note titled "Loan Documentation" which stated, in full: "This is confirmation and documentation that Martin Goor is personally providing a loan of One Hundred Thousand Dollars and 00/100 ($100,000.00) to Mark Vignoles." Goor alleges that on December 7, 2006, he transmitted $100,000 to Vignoles, but that to date Vignoles has not made any payments on the loan. Goor filed the Complaint in this Court on October 26, 2011, alleging breach of contract and unjust enrichment. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

1

On January 12, 2012, Defendant moved to dismiss or in the alternative transfer the case to the Northern District of California. He contends the Court lacks personal jurisdiction over him, that venue is improper, and that the Northern District of California is a more convenient forum pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

28 U.S.C. §1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The matter clearly could have been filed in the Northern District of California, where Defendant resides, because that court would have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and could exercise personal jurisdiction over him.

A court must consider the private interests of the litigants and the public interest in the fair and efficient administration of justice when making its decision.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  In *Jumara*, the Third Circuit stated that a district Court deciding a motion to transfer venue should consider a non-exhaustive list of twelve factors. *Jumara*, 55 F.3d at 879-80.  The private factors are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the witnesses, but only to the extent they may be unavailable in one of the fora; (5) the convenience of parties; (6) the location of books and records; and the public factors are:  (7) the enforceability of any judgment; (8) any  practical considerations making trial easy, expeditious or inexpensive; (9) relative administrative difficulty resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the trial judge's familiarity with applicable state law.  The analysis, however, should not be limited to these factors, and factors may have

different relevance in particular cases.  *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-529 (1988).  A court's decision to transfer should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Jumara*, 55 F.3d at 879.  For the reasons described below, the Court finds that all of the factors except the first either favor transfer to the Northern District of California, or are neutral.

### a.  Factors 1 & 2

The Plaintiff plainly prefers New Jersey, and the Defendant prefers California.  These factors balance out, although the Court recognizes that Plaintiff's choice of forum is entitled to deference unless the other factors strongly favor transfer.  *See, e.g.*, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  *But see Tischio v. Bontex, Inc.*, 16 F. Supp 2d 511, 521 (D.N.J. 1998) (plaintiff's choice of forum is afforded less deference if that choice "has little connection with the operative facts of the lawsuit.")

### b.  Factor 3

The parties disagree about where the claim arose.  Although Plaintiff has alleged that he was in New Jersey when the loan was negotiated and that the funds were remitted from New Jersey, he has adduced no proof, when such proof would most logically be in his possession.  By contrast, Defendant has filed an affidavit stating that he was in California when the Note was negotiated, that he never received funds from Goor at all (much less funds originating in New Jersey), and that he has never owned any assets in New Jersey.[1]  (Vignoles Decl. ¶¶ 3-5.)  The Court therefore finds that the third factor favors transfer.

---

[1]     It is not clear that this Court can exercise personal jurisdiction over the Defendant.  Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden of setting forth facts to establish "with reasonable particularity sufficient contacts between the defendant and the forum state."  *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

### c. Factors 4-6

Defendant contends, and Plaintiff does not dispute, that the Note was negotiated, prepared and executed in California, and was presumably to be performed by Defendant in California. Therefore, any witnesses or documentation would be located in California, where the Note was executed, so the fourth and sixth factors favor transfer.  Because California is inconvenient to Plaintiff and New Jersey is inconvenient to Defendant, the fifth factor is irrelevant.

### d. The Public Factors

Any judgment against Defendant is likely easier enforced in his home forum.  The other public factors do not appear to favor either forum.

### III.    CONCLUSION & ORDER

The Court finds that the factors favor transfer to the Northern District of California.

**IT IS** on this 9th day of April 2012,

**ORDERED** that Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of California is **GRANTED**; and it is further

**ORDERED** that this case is **TRANSFERRED** to the Northern District of California;

and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

---

The allegations in the Complaint are not sufficient proof; instead, a plaintiff must "establish[ ] jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  While Defendant has filed an affidavit to support his argument, nothing in the Note or the FedWire form filed by Plaintiff indicates a connection with New Jersey. (*See* Jensen Decl., Exs. A, B.)  Plaintiff has adduced nothing beyond a bare allegation that the loan funds originated in New Jersey, even though the proof of such a transfer would be easily available to Plaintiff to support jurisdiction.  *Cf. Fox v. Dream Trust*, 743 F. Supp. 2d 389, 395 (D.N.J. 2010) (receipt of loan funds from forum state may be sufficient purposeful availment for a court to exercise personal jurisdiction).